UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| DAVID CORMIER | CASE NO. 6:18-CV-01104 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| ACE AMERICAN INSURANCE CO., ET AL. | MAGISTRATE JUDGE WHITEHURST |

**ORDER and REASONS**

This suit was brought by Plaintiff David Cormier for personal injuries allegedly sustained due to a vehicular accident with Defendant Alfred Powell. Plaintiff has now filed a Motion in Limine [ECF No. 36], whereby he moves the Court to "prohibit and prevent any questions, references, and/or submission of evidence" concerning nineteen topics. The Court now rules as follows.[1]

**I.**
**APPLICABLE LAW**

Evidence is generally admissible so long as it is relevant and not barred by the Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Among other grounds, a court may exclude relevant evidence where its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *Id.* at 403. Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential

---

[1] Due to the vague and boilerplate nature of the present motion, the Court advises counsel that this Ruling is not a definitive Ruling on the admissibility of the evidence at issue. On those topics where the Court grants the motion, an offering party may approach the bench and seek leave from the Court prior to mentioning the matter covered by the order to the jury or the jury panel during voir dire. On those topics where the motion is denied, the movant may, and should, re-urge its objection at trial.

grounds. *Gordon v. Great W. Cas. Co.*, 2:18-CV-00967, 2020 WL 4561223, at *1 (W.D. La. July 8, 2020); *Jones v. Bd. of Supervisors of Univ. of Louisiana Sys.*, CV 14-2304, 2016 WL 9405315, at *2 (E.D. La. Feb. 29, 2016). "Motions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir.1980), *superseded by rule on other grounds as stated in Mathis v. Exxon Corp.*, 302 F.3d 448, 459 n.16 (5th Cir. 2002).[2] "Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in the proper context." *Wigginton v. Univ. of Mississippi*, 3:15CV093-NBB-RP, 2017 WL 11015636, at *1 (N.D. Miss. Oct. 20, 2017) (quoting *Gonzalez v. City of Three Rivers*, No. C-12-045, 2013 WL 1150003, at *1 (S.D. Tex. Feb. 8, 2013) (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Wigginton* at 1 (quoting *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993)); *see also Orchestrate HR, Inc. v. Trombetta*, 3:13-CV-2110-KS, 2017 WL 273669, at *1 (N.D. Tex. Jan. 20, 2017). The movant bears the burden of demonstrating that the evidence is inadmissible on any relevant ground. *Johnson v. El Paso Healthcare Sys., Ltd.*, EP:11-CA-549-FM, 2013 WL 12393903, at *2 (W.D. Tex. Feb. 26, 2013); *Cooper v. Meritor, Inc.*, 4:16-CV-52-DMB-JMV, 2019 WL 1028530, at *1 (N.D. Miss. Mar. 4, 2019). Accordingly, "the court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded."

---

[2] "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

*Cooper, supra* (quoting *Leonard v. Stemtech Health Scis., Inc.*, 981 F.Supp.2d 273, 276 (D. Del. 2013).

## II.
### ANALYSIS

As to those topics set forth in Plaintiff's motion at numbers 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15, the motion is GRANTED as unopposed. As to those areas which are in dispute, the Court rules as set forth below.

1.   **Social Security Administration.**[3]

Plaintiff moves the Court to prohibit "[a]ny reference to the Social Security Administration." [ECF No. 36-1 at 1 (citing *Green v. Connor*, 644 So.2d 618 (La. 1994))].[4] The parties have not provided the Court with sufficient information such that it can rule in limine.[5] To the extent such evidence constitutes a collateral source, it is inadmissible at trial. However, to the extent such evidence is offered for some other purpose, such as medical causation, it may be admissible. *See e.g. Davis v. Odeco, Inc.*, 18 F.3d 1237, 1247 (5th Cir.1994). Further, such evidence would likely require an analysis under Fed. R. Evid. 401 and 403 which the Court cannot conduct without further information. Accordingly, the motion is DENIED at this time.

---

[3] For ease of reference, the Court uses the numbers assigned in Plaintiff's motion for each topic Plaintiff moves to exclude in limine.

[4] The *Green* case cited by Plaintiff in support of the motion is a Louisiana case, relying upon the Louisiana Code of Evidence. The Federal Rules of Evidence apply in federal court. *See e.g.* Fed. R. Evid. 101, 1101(b); *Grenada Steel Indus., Inc. v. Alabama Oxygen Co., Inc.*, 695 F.2d 883, 885 (5th Cir. 1983).

[5] The Court notes neither party has identified any witness or exhibit related to the "Social Security Administration" in the pretrial order. [*See* ECF No. 41 at 5-10].

2. **Prior Claims.**

Plaintiff moves the Court to exclude any evidence or testimony regarding any prior or pending claims "for money for injuries" made by Plaintiff, as well as "whether or not said claims resulted in settlements or lawsuits." [ECF No. 36-1 at 1]. Defendants respond that such evidence is relevant "as it speaks to the severity of similar injuries from prior auto accidents." [ECF No. 37 at 2]. The parties have not provided the Court with sufficient information such that it can rule *in limine*. While the Court is unlikely to admit such evidence to show Plaintiff is "overly litigious," it may be relevant to Defendants' argument that Plaintiff's injuries were caused by a prior accident.[6] Further, such evidence would likely require an analysis under Fed. R. Evid. 401 and 403, which the Court cannot conduct without further information. Accordingly, the motion is DENIED at this time.

3. **Collateral Source.**

Plaintiff seeks an Order excluding any "[r]eference to any collateral source including but not limited to insurance benefits, worker's compensation, loans or other financial assistance from counsel." [ECF No. 36-1 at 1]. While Defendants agree that generally, such evidence is inadmissible under the collateral source rule, they argue "workers compensation does not fall into that category." [ECF No. 37 at 3]. Defendants further assert "it is possible that Plaintiff will open the door to the admission of collateral source(s) evidence during his case in chief," and if that happens, "evidence of Plaintiff's collateral source(s) could become relevant." *Id.*

---

[6] To the extent this evidence includes prior settlements, Fed. R. Evid. 408 provides evidence of compromise "is not admissible . . . to prove or disprove the validity or amount of a disputed claim," but it can be admissible "for another purpose. . . ." *See also Rico v. Am. Family Ins. Grp.*, 267 F.Supp.2d 554, 558 (E.D.La. 2002), *aff'd sub nom. Rico v. Am. Family Mut. Ins. Co.*, 76 Fed.Appx. 527 (5th Cir. 2003) (testimony relating to plaintiff's claims of personal injury in a previous case was admissible, where witness did not discuss amount of prior settlement, or statements made in the course of settlement negotiations, but rather discussed only injuries plaintiff allegedly suffered in the prior accident).

Louisiana's collateral source rule is substantive and therefore applies in diversity cases. *Boyett v. Redland Ins. Co.*, 741 F.3d 604, 607 (5th Cir. 2014); *Kadlec Med. Ctr. v. Lakeview Anesthesia Assoc.*, 527 F.3d 412, 425-26 (5th Cir. 2008). With regard to "insurance benefits," there is insufficient information before the Court such that it can rule in limine. While such evidence typically constitutes a collateral source (because typically a plaintiff's patrimony has been reduced to obtain the collateral source) and is thus inadmissible, the Court cannot make the necessary findings without any information as to the type of "insurance benefits" at issue. However, to the extent such evidence is offered for purposes of impeachment, the collateral source rule does not apply. *See e.g. Landry v. Haye*, 2:12-2766, 2015 WL 13037311, at *3 (W.D. La. Mar. 24, 2015); *Bonck v. Cajun Operating Co.*, CV 17-3814, 2018 WL 7199630, at *2 (E.D. La. Dec. 19, 2018).

As to worker's compensation benefits, the collateral source rule applies. *Simmons v. Cornerstone Investments, LLC*, 282 So.3d 199, 204 (La. 2019). While the jury may hear evidence of the discounted amount paid as worker's compensation when awarding medical expenses, "no reference of its workers' compensation roots should be made in front of the jury." *Id.*

Insofar as the Defendants plan to introduce evidence with respect to "loans or other financial assistance from counsel," such evidence is irrelevant to the issues to be decided at trial. Further, it is well-established that a plaintiff's recovery, as a general rule, is not subject to a set-off for benefits independent of the tortfeasor. *See e.g. Howard v. Offshore Liftboats, LLC*, CV 13-4811, 2016 WL 232241, at *3 (E.D. La. Jan. 19, 2016).

Accordingly, the motion in limine is DENIED at this time to the extent it pertains to "insurance benefits"; the motion is GRANTED with regard to "workers' compensation [and] loans or other financial assistance from counsel."

8. **Federal Income Tax.**

Plaintiff seeks an order excluding all evidence and testimony "[t]hat any recovery by the plaintiff either would or would not be subject to federal income taxation or any other form of taxation." [ECF No. 36-1 at 2]. Defendants oppose the motion, arguing "Louisiana courts have long approved of instructing a jury that a damage award for personal injury is not subject to federal or state income taxes." [ECF No. 37 at 4].

The Louisiana Pattern Jury Instructions provide in pertinent part:

> Also, any amount which you might award to the plaintiff is not income within the meaning of the income tax laws. If you decide to make an award, follow the instructions I have given you, *and do not add or subtract from that award on account of federal or state income taxes*. In other words, if you find that the plaintiff is entitled to damages, the amount which you award should be the sum that you think will fully and fairly compensate the plaintiff for his injuries, without regard to what he may pay his attorney or the amount that you might think would be paid in income taxes.

La. Pattern Instr. 18:1 (emphasis added).[7] Accordingly, the motion is DENIED, and the Court will instruct the jury in conformity with La. Pattern Instruction 18.1.

16. **Unrelated Injuries or Illnesses.**

Plaintiff seeks an order prohibiting any mention of "unrelated illnesses or injuries of the Plaintiff unless it can be shown that such unrelated injuries or illnesses have some relevance to any issue to be decided by this jury." [ECF No. 36-1 at 4]. Defendants respond that prior to this accident, "Plaintiff had been involved in other accident and/or injury producing incidents," and the "complaints asserted in the present case were asserted or alleged in the prior accidents/incidents." [ECF No. 37 at 7]. Accordingly, Defendants argue the motion should be denied as such evidence

---

[7] The comments state this portion of the instruction is not mandatory and it is not error to omit it. *Id.*; *see also Fenasci v. Travelers Ins. Co.*, 642 F.2d 986, 989 (5th Cir. 1981) (in a Louisiana diversity case, it is within the trial court's discretion whether to use "gross income, net income, or any figure in between that was reported on the victim's last tax return as a representation of his statement of wages for purposes of future lost wages).

is relevant to causation. The parties have provided insufficient information such that the Court could rule in limine. Neither party has provided the Court with any information addressing Plaintiff's prior "illnesses or injuries." Accordingly, the motion is DENIED at this time but may be re-urged at trial.

18. **Impeachment Evidence Not Given Timely.**

Plaintiff seeks an order prohibiting any impeachment evidence "that was not shared with plaintiff prior to trial." [ECF No. 36-1 at 4]. Defendants respond that any ruling on this matter is premature "until the issue of impeachment arises." [ECF No. 37 at 7]. Rule 26(a)(3) requires a party, prior to trial, to disclose all witnesses and evidence it may present *unless such witnesses or evidence will be used solely for impeachment*. The Court cannot determine whether any such evidence is substantive or is offered solely for purposes of impeachment without being provided with the evidence.[8] Accordingly, the motion is DENIED.

19. **Plaintiff's job applications.**

Plaintiff asks for an Order excluding "any job application made by plaintiff," arguing such evidence is not relevant "in determining whether defendant's negligence caused the accident," and that such evidence would be misleading and confusing to the jury. [ECF No. 36-1 at 4-5]. Defendants respond that Plaintiff seeks damages for past and future loss of earnings and therefore such evidence is relevant. [ECF No. 37 at 8]. Because neither party has tendered such evidence for

---

[8] The Court notes the parties did not comply with the Court's requirements for the contents of their Rule 26(f) report pertaining to surveillance evidence. [ECF No. 12 at 4, no. 12]. The parties were to state whether they "opt in" or "opt out" of the Lafayette Division's former procedure with regard to surveillance evidence. *See* Rule 26(f) Instructions, available at: https://www.lawd.uscourts.gov/sites/lawd/files/UPLOADS/LAWD_RRS_Rule26_Report_Instructions.pdf. Had the parties opted into the former procedure, surveillance evidence used solely for impeachment purposes would have been made available to Plaintiff twenty-one days prior to the pretrial conference. *Id.* at 2. Because the parties did not opt into the former procedure, the admissibility of any surveillance evidence will be addressed at trial.

the Court's review, the Court cannot make a determination at this time. Such evidence is likely admissible for certain purposes, such as a failure to mitigate damages, but the Court cannot rule without more information. Accordingly, the motion is DENIED at this time.

### III.
### CONCLUSION

For the reasons set forth herein, the Motion in Limine filed by Plaintiff David Cormier [ECF No. 36] is GRANTED IN PART and DENIED IN PART.

THUS DONE in Chambers on this 28th day of September, 2020.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE